**SANITATION DISTRICT NO. I OF CAMP-BELL AND KENTON COUNTIES, Kentucky, et al., Appellants,**

v.

**CITY OF NEWPORT, Campbell County, Kentucky, a Municipal Corporation, et al., Appellees.**

Court of Appeals of Kentucky.

May 20, 1960.

Stanley C. Moebus, Newport, Stanley Chrisman, Covington, for appellants.

Charles J. Schear, City Sol., Newport, for appellee.

CULLEN, Commissioner.

The board of directors of Sanitation District No. 1 of Campbell and Kenton Counties, which is a public sanitation district organized and operating under KRS 220.010 to 220.540, adopted a resolution increasing the sewer service rates charged to the users of its system. The City of Newport (which is within the district) and a number of taxpayers of the district brought action to enjoin the charging of the increased rates. The circuit court entered judgment granting the injunction, on the theory that the district is a public utility within the meaning of KRS 278.010 and therefore the change in rates could not be put in effect without the district's having first submitted the change to the Public Service Commission for its approval, under KRS 278.180. The district has appealed, maintaining that it is not a public utility.

The purposes of a sanitation district, as stated in KRS 220.030, are:

"(1) To prevent and correct the pollution of streams.

"(2) To regulate the flow of streams for sanitary purposes.

"(3) To clean and improve stream channels for sanitary purposes.

"(4) To provide for the collection and disposal of sewage and other liquid wastes produced within the district; and incident to such purposes and to enable their accomplishment, to construct, with all appurtenances thereto, laterals, trunk sewers, intercepting sewers, siphons, pumping stations, treatment and disposal works, to maintain, operate and repair same, and do all other things necessary for the fulfillment of the purposes of KRS 220.-010 to 220.520."

In KRS 278.010, a "utility" is defined to mean any person (with certain exceptions) "who owns, controls, operates or manages any facility used or to be used * * * in connection with" the rendering of various specified kinds of services, among which are:

"(d) The diverting, developing, pumping, impounding, distributing or furnishing of water to or for the public, for compensation."

The circuit court found that in carrying on its functions the district diverts, pumps, impounds and distributes water, and the court therefore concluded that the district is a utility.

We think it is perfectly obvious that the public utility statute, KRS 278.010(3) (d), is intended to apply only to persons dealing with water as a *commodity*. This interpretation is confirmed by the provisions of subsection (6) of KRS 278.010, which, in defining "service," refer to "the purity, pressure and quantity of water, and in general the quality, quantity and pressure of any commodity or product used or to be used for or in connection with the business of any utility."

A sanitation district does not deal with water as a commodity, but merely uses water as an instrumentality for carrying out the sewage disposal function. In fact, the substance handled by the district is not "water" in the commonly accepted sense, because it has assumed the character of sewage before it enters the system of the district. The district does not receive compensation for diverting, developing, pumping, impounding, distributing or furnishing water, but for disposing of sewage. The district is in the sewage business, not the water business.

The judgment is reversed.